HARRY HEMMENDINGER, RESPONDENT, v. THE McGANN
COMPANY, APPELLANT.

Submitted July 10, 1922—Decided September 22, 1922.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The plaintiff sued to recover the value of certain rolls of paper deposited by him in the warehouse of the defendant company, and which, he averred in his complaint, had been wrongfully converted by the defendant to its own use. The trial resulted in a verdict for the plaintiff for the value of the property alleged to have been converted, less the defendant's proper warehouse charges. The defendant thereupon applied for and obtained from the trial court a rule to show cause why this verdict should not be set aside. The rule was granted without the reservation of any exceptions, and in due course came to be argued. After hearing argument, and upon due consideration, the court discharged the rule, but, apparently being in some doubt as to whether the refusal of a motion to nonsuit submitted on the part of the defendant was proper under the facts in the case, undertook to 'grant and restore to the defendant the right to review by proper appeal,' this refusal the defendant's attorney having taken a proper exception to the judicial action.

"The defendant's right of appeal rests upon this attempted grant and restoration, and it is apparent, therefore, that its validity depends upon the existence in the trial court of the power attempted to be exercised by it.

"The one hundred and twenty-ninth rule of this court, which is a substitute for section 214 of the Practice act of 1903, declares that 'granting to a party a rule to show cause why a new trial shall not be granted shall be a bar against him to taking or prosecuting an appeal except on points expressly reserved in said rule.'

In the case of *Finley* v. *Hanley,* 50 N. J. L. 503, Mr. Justice Van Syckel, after tracing the history of the rule, declares that it leaves no doubt of the object to be accomplished by its adoption. He says: 'The intention was that in every case the granting of a rule to show cause should be a waiver of all bills of exception, except on points expressly reserved in the rule. The granting of it on the application of the party who holds bills of exceptions operates as a waiver of all exceptions save those which are expressly reserved in the rule to show cause.'

"The question for determination in this case, therefore, is whether the trial court, after it has allowed a rule to show cause containing no reservations, and the party applying for the rule has, by accepting it, waived all bills of exception, can, when discharging the rule, amend it by inserting in it a reservation of exceptions which has been deliberately waived by the party applying for it. We think that no such power exists in a court. When a party having the option of accepting a rule to show cause without reservation or of abandoning his application for the rule, and relying upon his exceptions sees fit to take the rule, and thereby waive his right to appeal, the trial court cannot, either of its own volition or on the application of the party, inject into the rule after argument thereon, a reservation of exceptions which the party himself has deliberately waived. To do so is, in legal effect, an attempt to override the standing rule of the court, and this, of course, the court below cannot do.

"The appeal will be dismissed."

For the appellant, *Milton M. Unger.*

For the respondent, *Thomas H. Brown.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 13.

*For reversal*—None.