HUDSON COUNTY CIRCUIT COURT.

HATTIE PHILLIPS, PLAINTIFF, v. LUCY SINGER KLEIN, DEFENDANT.

Decided March 16, 1942.

For the plaintiff, *Abraham Lieberman.*

For the defendant, *Schumann & Schumann.*

BROWN, C. C. J.  A trial of the above entitled cause resulted in a verdict by the jury in favor of the plaintiff.  The defendant obtained a rule to show cause why the verdict should not be set aside and a new trial granted for the reasons "that the verdict was excessive and that the verdict was against the weight of the evidence."  Exceptions taken at the trial were reserved in the rule.  The exceptions covered motions for a nonsuit and for a direction of a verdict.  In the briefs filed on the argument of the rule the plaintiff and the defendant argued but one ground, that is, "the verdict was excessive."  The defendant made no reference to the remaining ground and the plaintiff stated she assumed the defendant abandoned this ground.  After considering both reasons the court discharged the rule.  The defendant appealed to the Supreme Court on the exceptions reserved.  The Supreme Court held that it was well settled that where a rule to show cause attacks a verdict as being against the

weight of the evidence the consideration and disposition of the rule covers the ground of a motion to nonsuit and a motion to direct and operates as a bar to any argument or consideration of such grounds on appeal. (*Phillips* v. *Klein*, 127 *N. J. L.* 517; 23 *Atl. Rep.* (*2d*) 290.) This point is well settled and if reservations of exceptions are contained in the rule they avail nothing to the party obtaining the rule on appeal. *Robins et al.* v. *Mack International Motor Trust Corp.*, 113 *N. J. L.* 377 and cases therein cited; *Margolies* v. *Goldberg*, 101 *Id.* 74; *Bennett* v. *Hinrichsen*, 107 *Id.* 373. In the case of *Simons* v. *Lee*, 117 *Id.* 370, it was held that the discharge of a rule to show cause makes *res adjudicata* every reason argued in support of it and no language inserted in the rule can save to the prosecutor the benefit for appeal of an exception that goes to a point assigned and argued under the rule; citing the case of *Dombroski* v. *Metropolitan Life Insurance Co.*, 126 *N. J. L.* 545; 19 *Atl. Rep.* (*2d*) 678; 20 *Id.* 441. Upon filing a *remittitur* the defendant obtained another rule to show cause for the purpose of amending *nunc pro tunc* the original rule by eliminating from it the reason assigned therein "the verdict was against the weight of the evidence." On the argument of the second rule to show cause the defendant states in her brief that this court has absolute discretion to change the original rule to show cause by eliminating the reason above mentioned. No case is cited in support of this theory. Where a reason is assigned in a rule to show cause why a verdict should be set aside and the party who obtained the rule fails or neglects to argue the reason assigned, his failure and neglect amounts to a waiver and a discharge of the rule is *res adjudicata*. In the instant case while the defendant failed to argue one of the reasons assigned in her original rule to show cause her adversary called attention to the failure and assumed that it was waived. The trial judge considered the reason notwithstanding the failure of the defendant to argue the reason abandoned. The court's determination of the rule had the effect of a final judgment on all points assigned under the rule. It appears from the transcript of the record on appeal to the Supreme Court that the failure to argue the reason on the rule to show cause was

not overlooked by the plaintiff in her brief. Under those circumstances as well as the decisions of our upper courts the defendant is bound by the discharge of the original rule on all reasons assigned therein. This court is without discretion and power to amend *nunc pro tunc* any of the reasons assigned in the original rule to show cause. This conclusion is reached because of the *res adjudicata* status of the record and in addition our Court of Errors and Appeals has in effect so held in the case of *Hemmendinger* v. *McGann Co.,* 98 *N. J. L.* 265; 118 *Atl. Rep.* 452. The rule to show cause is discharged and an order may be entered accordingly.